UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE HERRING, ET AL | CIVIL ACTION |
| VERSUS | NO. 10-935 |
| METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY | SECTION "N"  (2) |

### ORDER AND REASONS

Before the Court are the following motions:  (1) Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Rec. Doc. 17); and (2)  Plaintiffs' Motion to Remand for Lack of Jurisdictional Amount (Rec. Doc. 22).

### I. BACKGROUND:

Plaintiffs commenced this action by filing a petition in the Thirty-Fourth Judicial District Court, Parish of St. Bernard on February 5, 2010.  They alleged that their Pierre Street property in  Chalmette, Louisiana was damaged by Hurricane Katrina on August 29, 2005 and that their insurer, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), had failed to make an offer to settle their claim under their homeowner's insurance policy.  (Rec. Doc. 1-2). Metropolitan timely removed the case to this Court on the basis of diversity jurisdiction and asserted in its answer *inter alia* that the plaintiffs' claims had prescribed.  (Rec. Docs. 1, 8 at 3, ¶ 13).  Thereafter, the Court granted the parties' joint motion to administratively close the case

on grounds that cases then pending before the Louisiana Supreme Court and the United States Fifth Circuit Court of Appeals might prove dispositive on the issue of prescription. (Rec. Docs. 11, 13). Defendant recently moved to re-open the case on grounds that recent decisions by the Fifth Circuit and Louisiana Supreme Court had resolved prescription issues in defendant's favor and that defendant wished to move for dismissal on that basis. (Rec. Doc. 14, 15).

## II. LAW AND ANALYSIS:

### A. Motion to Dismiss on Grounds that Plaintiffs' Claims Are Prescribed:

A Rule 12(b)(6) motion to dismiss may be granted on the basis of prescription if the untimeliness appears from the face of the complaint. *See Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997); *Bank of New Orleans and Trust Co. v. Monco Agency, Inc.*, 823 F.2d 888, 891 (5th Cir. 1987), *cert. denied,* 484 U.S. 1062 (1988). The deadline for filing claims against an insurer related to losses from Hurricane Katrina expired on September 1, 2007. *See, e.g., Taranto v. Louisiana Citizens Property Ins. Corp.,* 62 So.3d 721, 725 n. 2 (La. 2011) (citing La. Rev. Stat. § 22:1894(A)). Here, the plaintiffs did not file their petition until February 5, 2010, nearly two and a half years late. Thus, it is obvious from the face of the petition that the plaintiffs' claims are prescribed unless prescription was somehow suspended, interrupted, or tolled. Defendant argues that the Fifth Circuit in *McGee v. State Farm Fire & Cas. Co.*[1] and the Louisiana Supreme Court in *Quinn v. La. Citizens Prop. Ins. Corp.*[2] removed the plaintiffs' one hope for suspension of prescription by holding that federal putative class actions do not operate to suspend prescription under article 596 of the Louisiana

---

[1] Slip Copy, 2013 WL 702702 (5th Cir. 2013).

[2] Slip Copy, 2012 WL 5374255 (La. 2012).

Code of Civil Procedure. Given that the only putative class actions against Metropolitan were filed in federal court, defendant argues that, under *McGee* and *Quinn*, no bases exist for suspension of prescription on the instant claims. The Court agrees. The plaintiffs offer no argument in response to the defendant's prescription arguments and have presented no basis for finding that prescription was interrupted, suspended, or tolled for any reason.

Instead, plaintiffs have filed an affidavit stating that their damages do not exceed $75,000 and have moved for remand on grounds that subject matter jurisdiction is lacking. *See* Rec. Docs. 22, 23, 22-2.

### B. Plaintiffs' Motion to Remand:

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*; *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy."), *cert. denied*, 526 U.S. 1034 (1999). To determine whether jurisdiction is present for removal, the court looks to "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Federal courts have diversity jurisdiction where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000, exclusive of

interest and costs. 28 U.S.C. § 1332(a). There is no dispute in this case that complete diversity of citizenship exists. The sole question is whether the amount in controversy meets the jurisdictional threshold.

Where, as here, the petition does not include a specific monetary demand, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno*, 276 F.3d at 723. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* Where the plaintiff does not demand specific sums for the categories of damages sought, courts look to the nature of the claims and damages alleged to determine whether the jurisdictional amount is met. *See, e.g., In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno*, 276 F.3d at 723.

In this case, the plaintiffs did not assert a specific monetary demand in their complaint. However, it is clear from the allegations therein that the plaintiffs' claims, if successful, would likely exceed $75,000. Plaintiffs alleged in their petition that Hurricane Katrina's winds caused "serious and devastating damage to the roof, walls, windows, and to compromise [sic] the structural integrity of the home causing same to be a total loss" under a policy for which coverage limits on the dwelling were alleged to be $75,000. Rec. Doc. 1-2 at ¶¶ 5-6. The petition further alleged that the plaintiffs "had personal property in the home which they had accumulated during their life together which was totally damaged, ruined or lost...dwelling up to

4

and beyond the limits of coverage for personal property loss," which limits were alleged to be $7,500. Rec. Doc. 1-2 at ¶¶ 5, 7. Plaintiffs alleged that they were "prevented from returning to their home due to its damaged condition as a result of the hurricane winds thereby experiencing a loss of use and incurring additional expenses to obtain housing out of the damaged area and will continue to incur these expenses in the future up to and beyond the limits of coverage for loss of use." Rec. Doc. 1-2 at ¶ 8. Plaintiffs also allege that Metropolitan acted arbitrarily and in bad faith such that penalties and attorney's fees should be awarded under Louisiana law. It is well established that such penalties and attorney fees are to be included in considering the amount in controversy. *See, e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Thus, it is plain from the petition that the plaintiffs' claims well exceeded $75,000 at the time of removal.[3]

In support of remand, the plaintiffs have submitted an affidavit stating that their damages do not exceed $75,000 and that they "renounce" any judgment that may be rendered in their favor in excess of this amount. *See* Rec. Doc. 22-2. Whereas the petition alleges that Hurricane Katrina's winds caused "serious and devastating damage to the roof, walls, window, and to compromise the *structural integrity* of the home causing same to be *a total loss*,"[4] plaintiffs now state that their damages are "limited to the roof/ceiling on second floor, gutters,

---

[3] "[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Plaintiffs in this case did not allege in their petition that their damages do not exceed $75,000. Indeed, as discussed above, the allegations in the petition set forth claims well in excess of $75,000. Thus, the "legally certain" analysis is inapplicable here.

[4] Rec. Doc. 1-2 at ¶ 6 (emphasis added).

overhang, screens, fence, shed and loss [sic] rent." Rec. Doc. 22-2.  Whereas the petition alleges that the plaintiffs "had personal property in the home which they had accumulated during their life together which was totally damaged, ruined or lost...dwelling up to and beyond the limits of coverage,"[5] they now claim that "[t]he property at issue was a rental property, thus, plaintiffs do not have a claim for personal property that was located inside the structure."  Rec. Doc. 22-2. Plaintiffs also state in support of their motion to remand that their flood insurer has paid the plaintiffs $72,000, although they do not explain what effect this should have on the claims asserted in their petition against their homeowner's insurer for damages caused by wind rendering the dwelling a total loss under policy limits of $75,000.[6]   Rec. Doc. 1-2 at ¶¶ 5-6.

The post-removal amendments and renunciations offered by the plaintiffs have no effect on the jurisdiction of the Court or the propriety of removal.  Where a plaintiff has alleged in his complaint that he seeks damages in a specific amount that does not exceed $75,000, or where a plaintiff has alleged in his complaint that his damages do not exceed $75,000, such plaintiffs may prevent removal by "fil[ing] a binding stipulation or affidavit <u>with their complaints</u>" affirmatively waiving the right to accept any award in excess of the amount stated in the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.) (emphasis added), *cert. denied*, 516 U.S. 865 (1995); *Exxon*, 558 F.3d at 389.  However, a post-removal affidavit disavowing, renouncing, or reducing claims made previously in the complaint has no effect whatsoever on the Court's jurisdiction.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by

---

[5] Rec. Doc. 1-2 at ¶ 7.

[6] It appears that the replacement cost of the dwelling was valued at $161,802.  *See* Rec. Doc. 26-1.

affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *see also Marcel v. Pool Co.*, 5 F.3d 81, 83-85 (5th Cir. 1993); *Elzondo v. Pilgrim's Group, Inc.*, 100 F.3d 952 (5th Cir. 1996). If the pleadings support a finding that the jurisdictional amount is in dispute at the time of removal, "subsequent reduction of the amount claimed cannot oust the district court's jurisdiction." *St. Paul Mercury,* 303 U.S. at 295. As discussed above, the state-court pleadings in this case strongly support a finding that the amount in controversy exceeded $75,000 at the time of removal. Therefore, Metropolitan "was entitled to invoke the jurisdiction of the federal court," and the plaintiffs' post-removal attempt to reduce the amount in controversy does "not take away that privilege." *Id.* at 296.

Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion to Remand for Lack of Jurisdictional Amount **(Rec. Doc. 22)** is hereby **DENIED**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) **(Rec. Doc. 17)** is hereby **GRANTED**, and the plaintiffs' claims against the defendant in this matter are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 26th day of July, 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**